UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:23-cr-329

        Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

Ricardo Gibson,
        Defendant.

## I.    INTRODUCTION

Before me is Defendant Ricardo Gibson's motion to dismiss Count Two of the indictment. (Doc. No. 10). The Government filed a brief in opposition. (Doc. No. 11). Gibson did not file a reply and the deadline to do so has passed. For the reasons that follow, I deny Gibson's motion.

## II.    BACKGROUND

After an investigation, Defendant Ricardo Gibson was charged with one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count One) and one count of possession of a firearm and/or ammunition by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count Two). (*See* Doc. No. 1) (filed June 28, 2023). As part of the investigation, Gibson's residence was searched on June 15, 2023. Officers recovered a Smith & Wesson handgun and 19 rounds of ammunition. Prior to these events, Gibson had been convicted of the following offense: "Felon in Possession of a Firearm, on or about May 21, 2002, in case number 1:01CR00559 in the United States District Court for the Northern Division of Ohio, Eastern Division." (*Id.* at 2).

### III. ANALYSIS

Gibson argues that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), renders § 922(g)(1) unconstitutional as applied to him because "the plain text of the Second Amendment covers Mr. Gibson's conduct" and because the Government cannot "show that § 922(g)(1) is consistent with this nation's historical tradition of firearms regulation." (Doc. No. 10 at 3, 6). Gibson does not discuss (or cite) any Sixth Circuit precedent addressing the constitutionality of § 922(g)(1). (*See id.* at 2-6).

In response, the Government makes three arguments. First, it asserts binding Sixth Circuit precedent forecloses Gibson's argument, and *Bruen* did not displace those cases. (Doc. No. 11 at 5). Second, in the alternative, it argues that even if *Bruen* called those Sixth Circuit cases into question, § 922(g)(1) is constitutional under *Bruen* because "[t]he Second Amendment's text does not prevent Congress from banning firearm possession by felons" and because "Section 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation." (*Id.* at 9). Third, again in the alternative, it argues that § 922(g)(1) "is constitutional as applied to those like Defendant who are dangerous felons." (*Id.* at 23).

I find the Government's first argument persuasive and do not reach the other two. Because a published Sixth Circuit case relying on *District of Columbia v. Heller*, 554 U.S. 570 (2008), has already held that § 922(g)(1) is consistent with the Second Amendment, and because *Bruen* did not reject the statement from *Heller* relied on by that Sixth Circuit case, I deny Gibson's motion to dismiss Count Two.

District courts are bound by a published opinion of the Sixth Circuit "unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Thomas-Mathews*, 81 F.4th 530, 540 n.3 (6th Cir. 2023) (internal citations and quotation marks omitted). Even when intervening

Supreme Court authority has modified an area of law in some respects, a district court must be "extremely careful" and should only depart from binding circuit precedent "where it is powerfully convinced that the circuit will overrule itself at the next available opportunity." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 832 (S.D. Ohio 2020) (internal citations and quotation marks omitted); *see also In re Higgins*, 159 B.R. 212 (S.D. Ohio 1993) (declining to deviate from Sixth Circuit precedent where "the invalidity of that precedent" was not established to a "near certainty").

"A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment "confer[s] an individual right to keep and bear arms." *Heller*, 554 U.S. at 595. But, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id.* at 626. In *Heller*, the Supreme Court articulated one of those limits: "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* The Supreme Court's next major Second Amendment case, *McDonald v. City of Chicago,* reiterated *Heller*'s "assurance[]" about felon-in-possession laws. 561 U.S. 742, 786 (2010).

In *United States v. Carey*, a published case decided in 2010, the Sixth Circuit rejected a Second Amendment challenge to § 922(g)(1) by relying on Heller's statement about felon-in-possession laws. 602 F.3d 738, 741 (6th Cir. 2010) (quoting *Heller*, 554 U.S. at 626). It explained: "*Heller* states that the Second Amendment right is not unlimited, and, in fact, it is specifically limited in the case of felon prohibitions." *Carey*, 602 F.3d at 741. As a result, "Congress's prohibition on felon possession of firearms is constitutional." *Id.* So, unless *Bruen* conclusively indicates the Sixth Circuit "will overrule itself at the next available opportunity" on this issue, *Carey* remains binding. *Hollis*, 480 F. Supp. 3d at 832.

In *Bruen*, the Supreme Court corrected an approach taken by some lower courts after the decisions in *Heller* and *McDonald* that inappropriately injected "means-ends scrutiny into the Second

3

Amendment context." *Bruen*, 142 S. Ct. at 2127. Far from disturbing anything in *Heller*, *Bruen* championed *Heller*'s "test rooted in the Second Amendment's text, as informed by history." *Id.* In doing so, *Bruen* likewise reiterated *Heller*'s conclusion that "the right secured by the Second Amendment is not unlimited." *Id.* at 2128 (quoting *Heller*, 540 U.S. at 627) (internal quotation marks omitted).

The concurring opinions of Justice Alito, Justice Kavanaugh, and Chief Justice Roberts further emphasized that *Bruen* built on, and did not abrogate, the statement in *Heller* upon which the *Carey* court relied. *See Bruen*, 142 S. Ct. at 2157 ("Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago* . . . about restrictions that may be imposed on the possession or carrying of guns.") (Alito, J., concurring); 142 S. Ct. at 2162 (quoting *Heller*'s statement about felon-in-possession laws as one of the "'variety' of gun regulations" the Second Amendment permits) (Kavanaugh, J., and Roberts, C.J., concurring).

The Supreme Court's decision in *Bruen* does not portend that the Sixth Circuit will reject *Carey*'s reliance on *Heller* "at the next available opportunity" because *Carey* did not rely on the means-ends analysis *Bruen* rejected, and because nothing in *Bruen* expressly indicates the Supreme Court has rejected the analysis in *Heller*. *Hollis*, 480 F. Supp. 3d at 832.

Further, in a recent unpublished order issued after *Bruen*, the Sixth Circuit noted that "*Carey* remains the binding law in this circuit." *United States v. Vaughn*, No. 23-5790, Doc. No. 12 at 2 (6th Cir. Sept. 28, 2023) (order denying motion for release pending appeal). Other district courts in this circuit considering Second Amendment challenges to Section 922(g)(1) after *Bruen* have come to the same conclusion. *See, e.g.*, *Harbin v. United States*, No. 1:23-cv-02445, 2024 WL 757103 at *4 (N.D. Ohio Feb. 22. 2024) ("'*Carey* remains the precedent in this circuit,' and this Court is bound to follow it") (quoting *Vaughn*, 23-5790, Doc. No. 12 at 2); *United States v. Nelson*, No. 2:22-CR-20512-TGB-JJCG, 2023 WL 4249367 at *5 (E.D. Mich. June 29, 2023) ("the Court is bound by the Sixth

4

Circuit's decision in *Carey*, which unambiguously upholds felon-in-possession statutes"). *But see United States v. Williams*, No. 23-cr-20201, 2024 WL 731932 at *5-6, *25 (E.D. Mich. Feb. 22, 2024) (disagreeing with *Carey* in light of *Bruen* and finding § 922(g)(1) unconstitutional as applied to the defendant).

In addition, the Supreme Court is currently considering *United States v. Rahimi*, a Second Amendment case involving a challenge to 18 U.S.C. § 922(g)(8), a different provision of the same statute Gibson is accused of violating. *See United States v. Rahimi*, 143 S. Ct. 2688, 2689 (June 30, 2023) (granting certiorari). This, too, counsels caution in evaluating the present impact of intervening Supreme Court authority on the Sixth Circuit's Second Amendment case law. I conclude I remain bound by the Sixth Circuit's published decision in *Carey*, and no "decision of the United States Supreme Court requires modification" of it at this time. *Thomas-Mathews*, 81 F.4th at 540 n.3.[1]

## IV. CONCLUSION

For the reasons stated above, I deny Gibson's motion to dismiss. (Doc. No. 10).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] Further, no *en banc* decision of the Sixth Circuit has overruled the holding in *Carey*. *See, e.g., Vaughn*, No. 23-5790, Doc. No. 12 at 2; *United States v. Bowers*, No. 22-6095, 2024 WL 366247 at *3 (6th Cir. Jan. 31, 2024) (noting that no "binding case law" has addressed the constitutionality of § 922(g)(1) post-*Bruen*); *United States v. Goolsby*, No. 21-3087, 2022 WL 670137 at *3 (6th Cir. Mar. 7, 2022) (reiterating *Carey*'s holding that "prohibitions on felon possession of firearms do not violate the Second Amendment.") (quoting *Carey*, 602 F.3d at 741).