UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:23-cr-329

               Plaintiff,

            v.                                             MEMORANDUM OPINION
                                                                    AND ORDER

Ricardo Gibson,

               Defendant.

## I.    INTRODUCTION

Defendant Ricardo Gibson seeks to suppress evidence seized during a search of his residence. (Doc. No. 24). He also moves to dismiss this case for alleged violations of his right to a speedy trial. (Doc. No. 23). The government opposes both motions. (Doc. Nos. 26 and 27). Gibson did not file a brief in reply. For the reasons stated below, I deny the motions.

## II.    BACKGROUND

In May 2023, the Federal Bureau of Investigation ("FBI") received a report from an adult woman who sold girls' clothing on eBay to Gibson. (Doc. No. 27-1 at 5). The woman stated that, after she shipped the clothing, Gibson contacted her and requested that she look for items similar to those depicted in "images of child erotica" Gibson sent the woman. (*Id.* at 6). Gibson also reportedly told the woman that "he would pay extra for underwear which had not been washed and that he had pictures of minor females which he could not share." (*Id.*).

An FBI On-Line Covert Employee ("OCE") began to converse with Gibson as though the OCE was the woman from whom Gibson made a purchase through eBay. (*Id.*). Gibson subsequently sent the OCE images and videos containing child pornography. (*Id.*); (*see also id.* at 23-26). Investigators traced Gibson's internet activity to a hotel in Willard, Ohio, which matched the address to which the woman shipped the clothes Gibson purchased. (*Id.* at 21).

Investigators obtained a search warrant for Gibson's hotel room on June 14, 2023, and executed the warrant the following day. (*See id.* at 1). They recovered, among other things, two mobile phones, girls' clothing, two firearms, three magazines, and nineteen rounds of ammunition. (Case No. 3:23-mj-5246, Doc. No. 1-1 at 17-18). Gibson subsequently was charged by indictment with one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of illegal possession of a firearm following a prior felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1).

### III.    ANALYSIS

**A.    MOTION TO SUPPRESS**

Gibson moves to suppress the two handguns, the three magazines, and the ammunition. (Doc. No. 24). He argues that, because the search warrant affidavit made no mention of those items, "[t]heir seizure converted a targeted warrant into a general search that exceeded the warrant's scope, in violation of the Fourth Amendment." (*Id.* at 2). The government opposes Gibson's motion, arguing investigators were legally permitted to seize the items during the lawful search of Gibson's property because the items were in plain view. (Doc. No. 27).

"The 'plain-view' doctrine is often considered an exception to the general rule that warrantless searches are presumptively unreasonable." *Horton v. California*, 486 U.S. 128, 133 (1990). One example of the plain view doctrine that is particularly relevant here is "'the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search

2

come across some other article of incriminating character.'" *Id.* at 134 (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971)).

Here, the search warrant permitted investigators to search Gibson's hotel room. (Doc. No. 27-1 at 37-38). And it was within Gibson's hotel room that investigators located the firearms, magazines, and ammunition. (Doc. No. 27-2 at 3-4). Because investigators did not exceed the scope of the warrant in the places they searched, Gibson has not shown his Fourth Amendment rights were violated. *See, e.g., United States v. Garcia*, 486 F.3d 495, 507 (6th Cir. 2007) ("For purposes of general search analysis, we will find that an officer flagrantly disregards the limitations of a warrant only where he 'exceed[s] the scope of the warrant *in the places searched*' (rather than the items seized)." (quoting *Waller v. Georgia,* 467 U.S. 39, 43 n.3 (1984)) (alteration and emphasis added by *Garcia*)).

## B.    MOTION TO DISMISS

Separately, Gibson moves to dismiss the indictment due to alleged violations of the Speedy Trial Act and his Sixth Amendment speedy trial rights. (Doc. No. 23). The government opposes this motion as well. (Doc. No. 26).

### 1.    The Speedy Trial Act

The Speedy Trial Act requires that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Section 3161 excludes certain days from the 70-day total, including, in pertinent part:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

3

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>
> . . .
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . .
>
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> . . .

(7)

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
>> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>>
>> . . .
>>
>> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the

> Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h).

Gibson challenges two periods of excluded time. First, in Gibson's words, he objects to the exclusion of time between February 13, 2024, and May 8, 2024:

> Ryan R. Parker was appointed counsel on 2/13/24, on 2/27/24 Meira F. Zucker was paid by the government – that is 14 days. From 2/27/24 to 3/7/24 that is 8 days, from 3/8/24 to 5/8/24 is 60 days which should have not been excluded because I never seen or viewed discovery, FD302 reports is not discovery, which Judge Helmick admitted FD302 report inadmissibility during a hearing for Ryan Parker to withdraw as counsel.

(Doc. No. 23 at 2-3).

I overrule Gibson's objection because the days within this period were properly excluded. During a pretrial conference on October 19, 2023, following consultation with counsel for the government and the defense, I set this case for trial in May 2024, with voir dire to begin on May 6, 2024. (*See* non-document order dated Oct. 19, 2023). I excluded time from October 20, 2023, until May 6, 2024 "to accommodate trial preparation." (*Id.*).

Zucker, Gibson's first attorney, filed a motion to dismiss Gibson's felon in possession charge on December 31, 2023, before moving to withdraw as counsel on January 29, 2024, citing a complete breakdown in the attorney-client relationship. (Doc. Nos. 10 and 12). I granted the motion to withdraw following a hearing on February 12, 2024, and set the case for a pretrial conference. (*See* non-document order dated February 12, 2024). I did not enter a Speedy Trial exclusion on that date because I previously excluded time through May 6, 2024, for trial preparation, and the trial date remained in place. Thus, Gibson's assertion that the time between February 13, 2024, and March 7, 2024, was not properly excluded is contradicted by the record.

Parker, Gibson's second attorney, was appointed the day after the hearing. (*See* non-document order dated Feb. 13, 2024). I subsequently granted Gibson's motion to vacate the trial

5

date during a pretrial hearing on March 7, 2024, and concluded that the interests of justice compelled the exclusion of time until May 8, 2024, "for defense counsel review of discovery with defendant." (*See* non-document order dated March 7, 2024). Gibson's apparent dissatisfaction with his attorney during that time period is not an appropriate basis to revoke that time exclusion, and I overrule his objection to this period as well.

Second, Gibson argues I failed to properly exclude time from February 19, 2025, until September 29, 2025. (Doc. No. 23 at 3-4). During a pretrial conference on February 19, 2025, Defendant made an oral motion for a referral to the Federal Bureau of Prisons for a mental competency evaluation. (*See* non-document order dated Feb. 19, 2025; Doc. No. 23 at 3). A copy of the evaluation report was provided to my chambers on May 28, 2025. (Doc. No. 21) (filed under seal). I held a competency hearing on July 28, 2025, and found Gibson to be competent to stand trial. (*See* non-document order dated July 28, 2025).

As I noted above, § 3161(h)(1) excludes "[a]ny period of delay" related to a competency determination. 18 U.S.C. § 3161(h)(1)(A). I did not need to enter an order excluding time from Gibson's Speedy Trial clock because this exclusion applies automatically and covers the period of time spanning from a party's motion for a competency determination to the court's issuance of that competence determination. *See, e.g., United States v. Graves*, 722 F.3d 544, 548 (3rd Cir. 2013); *United States v. Harris-Franklin*, 146 F.4th 631, 639-40 (8th Cir. 2025). *See also Bloate v. United States*, 559 U.S. 196, 206 (2010); *United States v. Pina*, 724 F. App'x 413, 419 (6th Cir. 2018). Thus, Gibson's Speedy Trial Act challenge fails on this basis as well.

### 2. Sixth Amendment

Gibson also argues the delays in this case violate his Sixth Amendment right to a speedy trial. But I conclude the four factors identified by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), do not support a finding that Gibson's Sixth Amendment speedy trial right has been

6

violated.  *See id.* at 530 (instructing courts to balance "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant").

Even if I assume, for the sake of argument, that the delay in this case was "uncommonly long," *Doggett v. United States*, 505 U.S. 647, 651 (1992), the other factors do not tip the scales in Gibson's favor.  There has been no showing that any of the delays in this case were the result of the government's attempt to "secure a tactical advantage."  *United States v. White*, 985 F.2d 271, 275 (1993) (citation omitted).  Indeed, much of the delay in this case arose from Gibson's disagreements with his attorneys, counsel's efforts to secure a defense forensic expert, and the proceedings following Gibson's motion for a competency evaluation.  While none of these events were illegitimate, each required a significant period of time to resolve, slowing the progress of this case.  *See Wilcher v. Rose*, 85 F.3d 630, at *1 (6th Cir. 1996) (unreported table decision).

Moreover, even if the third factor favored Gibson, he has not shown that his ability to present a defense has been impaired and, thus, he has not shown he has been prejudiced by the delay.  *See Barker*, 407 U.S. at 532; *White*, 985 F.2d at 275-76.

### IV.  CONCLUSION

For the reasons set forth above, I deny Gibson's motion to suppress and his motion to dismiss.  (Doc. Nos. 23 and 24).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge